IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **MITCHELLE ART 89 TRUST,** | : | |
| *Ronnie-Consuello; Arnold,* | : | |
| *Executor of the Estate* | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:15-cv-00463-WSD-AJB** |
| **v.** | : | |
| | : | |
| **ASTOR ALT, LLC,** *et al.*, | : | |
| | : | |
| **Defendants,** | : | |
| | : | |
| **MICHELLE JONES, Trustee,** | : | |
| | : | |
| **Third Party Intervener.** | : | |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

This action is before the Court on the response of Mitchelle Art 89 Trust, Ronnie Consuello Arnold, Executrix of the Estate, and Michelle Jones, Trustee, to the Court's Order to Show Cause, [Doc. 8]. [Doc. 15]. For the following reasons, the undersigned **RECOMMENDS** that the District Judge **DISMISS THE ACTION WITHOUT PREJUDICE**.

*Background*

On February 17, 2015, Defendant PNC Mortgage removed this action on diversity-jurisdiction grounds. [Doc. 1].[1] Plaintiff Mitchelle Art 89 Trust ("Mitchelle Art") is a trust that is appearing in this action represented by its executrix, Ronnie Consuello Arnold.[2] [*See* Doc. 1-1 at 2]. Michelle Jones ("Trustee") is a third party intervener and is proceeding *pro se* as the trustee of Mitchelle Art. [*Id.* at 2, 4]. Neither Arnold or Jones appears to be a member of the State Bar of Georgia or the Bar of this Court.

As a result of Arnold and Jones's status as non-lawyers appearing in representative capacities, on March 18, 2015, the undersigned ordered Mitchelle Art and Trustee to appear through an attorney within twenty-one days of entry of the order or show cause why the case should not be dismissed without prejudice. [Doc. 8]. More than twenty-one days passed and neither Mitchelle Art nor Trustee appeared through counsel. [*See* Dkt.]. Instead, on April 10, 2015, they filed a response to the Court's

---

[1] The removal petition alleges that the joinder of Defendants Astor Alt, LLC, McCalla Raymer, LLC, and Brandywine Homes Georgia, LLC, was fraudulent and does not affect diversity jurisdiction. [*Id.* at 2].

[2] The docket indicates that Mitchelle Art is "Ronnie-Consuello; Arnold, Executor of the Estate." However, Arnold filed a motion to correct the spelling of her name. [Doc. 4].

2

Order to Show Cause. [Doc. 15]. In this response, they assert that Arnold does not represent Plaintiff Mitchelle Art and instead, as executrix, is a real party in interest who has suffered an injury-in-fact and thus has standing under Federal Rule of Civil Procedure 17. [*See id*. at 2]. They also argue that Jones as Trustee has the capacity to sue on behalf of the trust pursuant to Rule17 and thus the trust is properly represented. [*Id*. at 2-3].

### *Discussion*

Title 28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

This code section has been interpreted to mean that, although individuals who are parties to an action may appear *in propria persona*, this exception applies only to individuals who are asserting their own personal rights or interests. *Alpha Land Co. v. Little*, 238 F.R.D. 497, 502 (E.D. Cal. 2006) (citations omitted). Thus, nonlawyers such as Arnold and Jones may not represent another individual or entity in an action. *Michel v. United States*, 519 F.3d 1267, 1271 (11th Cir. 2008) ("A party cannot be represented by a nonlawyer, so a pleading signed by a nonlawyer on behalf of another is null.") (citing *Gonzalez v. Wyatt*, 157 F.3d 1016 (5th Cir. 1977)); *Jacox v. Dep't of Defense*,

3

Civil Action No. 5:06-cv-182 (HL), 2007 WL 118102, at *1 (M.D. Ga. Jan. 10, 2007) ("28 U.S.C. § 1654 requires *pro se* litigants to conduct their own cases personally and does not authorize nonlawyers to conduct cases on behalf of individuals."); *see also Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (holding that "an administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries and creditors other than the litigant"); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a nonlawyer could not appear *pro se* on behalf of trust); *In re Hamblen*, Bankruptcy Nos. 05-95215-JB, 05-95216-JB, 05-95217-JB, Adversary No. 06-6394, 2006 WL 6589435, at *6 (Bkrtcy. N.D. Ga. Dec. 20, 2006) (Bihary, B.J.) (discussing trust created pursuant to Georgia law, and concluding that the trustee "may appear on his own behalf, but he has no authority to appear as an attorney for anyone other than himself. His status as a trustee is necessarily a fiduciary status, and the defendant trusts can only appear in court through a licensed attorney admitted to practice law in this Court.").

Mitchelle Art and Trustee conflate "standing" to sue or being the real party in interest under Fed. R. Civ. P. 17 with the rules regarding representation of another person or entity by a nonlawyer. The Federal Rules of Civil Procedure permit an executrix of an estate and trustee of an express trust to sue in their own names without

4

joining the persons for whose benefit the action is brought. Fed. R. Civ. P. 17(a)(1)(A), (E). However, "[t]he rule does not warrant the conclusion that a nonlawyer can maintain such a suit *in propria persona*." *C.E. Pope Equity Trust*, 818 F.2d at 698.

The *C.E. Pope Equity Trust* case is instructive. In that case, the plaintiff-trustee appeared, not on his own behalf, but as trustee on behalf of multiple trusts that brought the complaints. *Id.* at 697. The court rejected the plaintiff-trustee's claim that he could appear without a lawyer:

> [T]he record shows no matter before the district court presented by, or on behalf of, Richard Stradley. Stradley's status as trustee is fiduciary; his statutory responsibility is the orderly administration of assets. . . . Here the record does not identify the Trusts' beneficiaries. Because Stradley is not the actual beneficial owner of the claims asserted by the Trusts (so far as one can tell from the record), he cannot be viewed as a "party" conducting his "*own* case personally" within the meaning of Section 1654. He may not claim that his status as trustee includes the right to present arguments *pro se* in federal court.

*Id.* at 697-98 (emphasis in original). Similarly, the record in the case before this Court does not identify the beneficiaries of Mitchelle Art, nor has it been shown that Jones is the beneficial owner of the claims asserted by the Trust. Therefore, the Trust is not properly represented and Jones cannot proceed *pro se* in her capacity as Trustee. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 347-48 (8th Cir. 1994); *United States v. Lena*, No. 05-80669-CIV, 2007 WL 4578336, at *1 (S.D. Fla. Dec. 27, 2007); *In re*

5

*Hamblen*, *id.*  The Court cannot allow Trustee to circumvent § 1654 by filing as a third party intervener.

The Court recognizes that Arnold is not listed as a formal plaintiff on the docket, although the complaint attempts to recognize her separately as a plaintiff.  [*See* Doc. 1-1 at 2, 20].  However, Arnold is identified only in her capacity as "Executrix of the Estate."  [*Id.* at 20; Doc. 15 at 1, 13].  Arnold does not identify the estate in any other aspect.  There is no statement as to identities of the beneficiaries of the estate, nor has the decedent (if there is one) been identified.  While an executrix can file suit in her own name, she is a fiduciary to the estate and thus cannot proceed *pro se* on its behalf. *See C.E. Pope Equity Trust*, 818 F.2d at 698; *Franklin v. Garden State Life Ins.*, 462 Fed. Appx. 928, 930 (11th Cir. Mar. 22, 2012) (affirming district court's dismissal of action filed by administratrix proceeding *pro se*).

Arnold and Jones cite to *Reshard v. Britt*, 819 F.2d 1573 (11th Cir. 1987) ("*Reshard I*"), and *United States v. Reeves*, 431 F.2d 1187 (9th Cir. 1970), in support of their claim that they should be recognized as an exception to § 1654's requirement to obtain legal counsel.  [*See* Doc. 15 at 3].  While these cases are supportive of their position, neither case is currently good law.  *Reshard I* was vacated by the Eleventh Circuit sitting en banc.  *See Reshard v. Britt*, 831 F.2d 222 (11th Cir. 1987) (en banc)

6

(vacating *Reshard I* and ordering rehearing) (*Reshard II*); *see also Reshard v. Britt*, 839 F.2d 1499 (11th Cir. 1988) (en banc) (*Reshard III*) (dividing equally on whether personal representative of estate could litigate claims on behalf of estate *pro se;* by operation of law, that equally-divided vote resulted in affirmance of district court's dismissal of the action, which was based on understanding that personal representative could only litigate such claims through counsel).[3]  Thus, *Reshard I* does not support Arnold/Mitchelle Art and Jones's position.

Furthermore, *Reeves* was expressly rejected by the U.S. Supreme Court.  *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 n.5 (1993); *In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Thus, to the extent that *Reeves* stood for the proposition that non-attorney members of a partnership could appear on behalf of the partnership, the Supreme Court in *California Men's Colony* has overruled that holding." (citation omitted)).  Accordingly, *Reeves* is of no assistance to Arnold/Mitchelle Art and Jones.

Whatever legal propositions *Reshard I* and *Reeves* may have stood for, their vitality is completely sapped by *Rowland*.  In *Rowland*, the Supreme Court observed

---

[3] As an affirmance by an equally divided court, *Reshard* "has no precedential value." *United States v. Georgia*, 19 F.3d 1388, 1392 n.7 (11th Cir. 1994).

7

that § 1654 "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland*, 506 U.S. at 202 (citations omitted); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008) ("As the district court accurately pointed out, courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity.") (citing cases); *Malone v. Nelson*, 474 F.3d 934, 937 (7th Cir. 2007) (holding that estate administrators do not act on behalf of themselves but on behalf of all beneficiaries of estate, and if administrator is not sole beneficiary of estate, he or she may not represent estate in court); *see also Ferentinos v. Kissimmee Util. Auth.*, --- Fed. Appx. ----, 2015 WL 925465, at * 2 (11th Cir. Mar. 5, 2015) (affirming district court's dismissal based on plaintiff's ignoring orders that his wife's estate and class-action claims needed to be counseled and filed separately). *Cf. F.T.C. v. Gem Merchandising Corp.*, No. 95-8364, 1995 WL 623168, at *1 (11th Cir. Sept. 1, 1995) ("It is well settled that a corporation is an artificial entity which cannot appear *pro se* in legal proceedings but must be represented by counsel.") (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)).[4]  Since Arnold and

---

[4]  The Second and Sixth Circuits have held that an administrator and sole beneficiaries of an estate with no creditors may appear *pro se* on behalf of an estate. *Bass v. Leatherwood*, --- F.3d ----, 2015 WL 3519629, at *1-2 (6th Cir. June 4,

8

Jones are appearing in a representative capacity, they may not appear on behalf of the estate or trust without licensed counsel.

*Conclusion*

In conclusion, the undersigned **RECOMMENDS** that the complaint be **DISMISSED WITHOUT PREJUDICE**. The Court further **RECOMMENDS** that the remaining pending motions, [Docs. 3, 4, 6, 7 & 9], be **DENIED WITHOUT PREJUDICE AS MOOT**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this the 10th day of June, 2015.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

2015 (relying upon and quoting *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010)). Neither Arnold or Jones have established that the estate has one beneficiary (or the identity of the beneficiary) or that it has no creditors. Therefore, even if the Eleventh Circuit followed *Bass* or *Guest*, the holding in those cases has not been shown to be applicable in this case.