IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MITCHELLE ART 89 TRUST, Ronnie-Consuello; Arnold, Executor of the Estate,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ASTOR ALT, LLC, et al.,<br><br>　　　　　　　　Defendants.<br><br>Michelle Jones, Trustee for MITCHELLE ART 89 TRUST,<br><br>　　　　　　Third Party Intervener. | 1:15-cv-00463-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Mitchelle Art 89 Trust's ("Plaintiff" or "Trust") "Objections" [24] to Magistrate Judge Alan J. Baverman's Final Report and Recommendation ("R&R") [20]. Also before the Court are Plaintiff's Motion to Correct Name [4],[1] Motion to Strike [6], and Motions to Compel [22, 23], and Defendant McCalla Raymer, LLC's ("McCalla Raymer") Motion to Dismiss [3] and Motion to Stay Discovery [9], and Defendant PNC Mortgage's ("PNC") Motion to Dismiss [7].

---

[1] In its Motion to Correct Name, Plaintiff seeks to correct the misspelling of Arnold's name and "amend name of Defendant PNC [ ]." It is not clear from Plaintiff's rambling filing how the names should be "corrected" or "amended."

I.      BACKGROUND

On December 22, 2014, Plaintiff filed its complaint [1.1-1.2 at 2] in the Superior Court of DeKalb County, Georgia.  Plaintiff purports to be represented in this action by Ronnie Consuello Arnold ("Arnold") and Michelle Jones ("Jones"), the executrix and trustee, respectively, of Mitchelle Art 89 Trust.  Arnold and Jones are not plaintiffs in this action, and they are not attorneys and are not authorized to practice law in this Court.[2]  It is difficult, if not impossible, to discern what claims for relief Plaintiff seeks to assert and against whom it seeks to bring these unspecified claims.  Plaintiff appears to assert claims for wrongful foreclosure, declaratory relief, and quiet title to real property located at 3752 Ozmer Court, Decatur, Georgia 30034 (the "Property").[3]

On February 17, 2015, PNC removed the DeKalb County action to this Court based diversity of citizenship.[4]  (Notice of Removal [1]).

---

[2]     The Court notes that this action appears to be the latest in a series of filings by Arnold and Jones to challenge foreclosure of the Property.  See Mitchell Art 89 Trust, et al. v. PNC Bank, et al., No. 1:14-cv-880 (N.D. Ga.) (removed from Superior Court of DeKalb County on March 27, 2014; dismissed on May 12, 2014, for failure to obey the Court's order directing plaintiffs to respond to defendant's motions to dismiss).

[3]     The Complaint lists Jones as a "Third Party Intervener" to this action.

[4]     Plaintiff lists multiple "Defendants" in the caption of the Complaint, including Astor Alt. LLC, PNC, McCalla Raymer, and Brandywine Homes Georgia, LLC.  PNC argues in its Notice of Removal that these "Defendants" have been fraudulently joined to defeat diversity jurisdiction.

On March 18, 2015, Magistrate Judge Baverman issued an order ("March 18th Order") [8] directing Plaintiff, and the Trustee, to appear through an attorney or show cause, in writing, within twenty-one days of the March 18th Order, why this action should not be dismissed. Magistrate Judge Baverman found that, because Plaintiff is a trust, Plaintiff is required, under 28 U.S.C. § 1654, to be represented by an attorney. Magistrate Judge Baverman further advised Plaintiff that failure to comply with the Court's March 18th Order would result in dismissal of this action.

On April 10, 2015, apparently in response to the Court's March 18th Order, Plaintiff filed—again through Arnold and Jones—a document entitled "Plaintiff's Motion to Show Cause/Object to and Strike Court Order Defendants . . . Motion to Dismiss Motion to Stay Discovery and Pretrial Deadlines and Order and Memorandum of Law" [15], which the Court construes as Plaintiff's Response to the Court's March 18th Order. Plaintiff's Response is nonsensical, convoluted and conclusory, and fails to even address the basis for the Court's March 18th Order— that Plaintiff, as a trust, is required under 28 U.S.C. § 1654, to be represented by counsel. Plaintiff appears to argue instead that, under Rule 17 of the Federal Rules of Civil Procedure, the Trust is properly represented because Arnold, as executrix,

is a real party in interest and has suffered an injury-in-fact, and Jones has the capacity to sue on behalf of the Trust.

On June 10, 2015, the Magistrate Judge recommended that this action be dismissed without prejudice because Plaintiff failed to comply with the Court's March 18th Order. The Magistrate Judge found that Plaintiff's Response presented no explanation for Plaintiff's failure to retain counsel.

On June 22, 2015, Plaintiff filed its "objections" to the R&R.

## II.   DISCUSSION

### A.   Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Plaintiff's "Objections" are incoherent. They do not address the Magistrate Judge's reasons for dismissing Plaintiff's Complaint and instead consist of rambling allegations that are nearly impossible to discern.[5] See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."). These are not valid objections and the Court will not consider them. The Court reviews the R&R for plain error.

B.   Analysis

The Magistrate Judge found that Plaintiff is a trust and, under 28 U.S.C. § 1654, is therefore required to be represented by counsel. Because Arnold and Jones are not attorneys and are not authorized to practice law in this Court, they cannot represent the Trust in this action.[6] See 28 U.S.C. § 1654; Jacox v. Dep't of Defense, No. 5:06-cv-182 (HL), 2007 WL 118102, at *2 (M.D. Ga. Jan. 10, 2007)

---

[5] For example, Plaintiff asserts that "Alan J. Baverman, United States Magistrate Judge' is bias and acting beyond the scope or in excess or legal power or authority vacate the Bench as Judge and move to the role of representative for the Defendants." (Obj. at 14).

[6] A trustee, though authorized by Fed. R. Civ. P. 17(a) to bring suit on behalf of the trust, cannot litigate *pro se*. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) ("[A trustee] cannot be viewed as a 'party' conducting his '*own* case personally.'"). Jones's status as Trustee does not allow her to litigate this case *pro se* on behalf of the Trust.

("28 U.S.C. § 1654 requires *pro se* litigants to conduct their own cases personally and does not authorize nonlawyers to conduct cases on behalf of individuals."); see also Michel v. United States, 519 F.3d 1267, 1270 (11th Cir. 2008) (citing Gonzalez v. Wyatt, 157 F.3d 1016 (5th Cir. 1977)) ("A party cannot be represented by a nonlawyer, so a pleading signed by a nonlawyer on behalf of another is null"); Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity, i.e., a trust, in a court of the United States.").  The Court finds no plain error in the Magistrate Judge's finding that Plaintiff is required to be represented by counsel and Arnold and Jones may not represent Plaintiff in this action.

Plaintiff failed to comply with the Court's March 18th Order, after being advised that it was required to be represented by counsel and admonished that failure to appear by counsel would result in dismissal of this action.  Local Rule 41.3 authorizes the Court to dismiss a case for want of prosecution for failure to obey a lawful order of the Court.  See LR 41.3(a)(2), NDGa.  The Magistrate Judge recommended that this action be dismissed pursuant to Local Rule 41.3, and the Court finds no plain error in these findings or recommendation.[7]

---

[7]  Having dismissed this action for failure to comply with the Court's March 18th Order, Plaintiff's Motion to Correct Name [4], Motion to Strike [6], and

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Objections [24] are **OVERRULED.**

**IT IS FURTHER ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [20] is **ADOPTED** and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct Name [4], Motion to Strike [6], and Motions to Compel [22, 23], and Defendant McCalla Raymer and PNC's Motions to Dismiss [3, 7] and McCalla Raymer's Motion to Stay Discovery [9] are **DENIED AS MOOT**.

**SO ORDERED** this 15th day of July, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

Motions to Compel [22, 23], and Defendants' Motions to Dismiss [3, 7] and McCalla Raymer's Motion to Stay Discovery [9], are denied as moot.